Dear Superintendent Picard:
This is in response to your request for an opinion of this office concerning the authority of the Recovery School District ("RSD") to lease property under its jurisdiction. More specifically, you ask whether the RSD can lease property currently under its control to the Federal Emergency Management Agency ("FEMA") for the purpose of installing mobile housing units for teachers and/or first responders. Currently, the RSD is in control of over one hundred schools that were transferred to the RSD and were previously operated by the Orleans Parish School Board ("OPSB"). You state that the Louisiana Recovery Authority ("LRA") and FEMA approached the RSD to seek permission to install mobile housing units on school property owned by OPSB and currently under the control of the RSD. We understand that the RSD proposes to use these units to house teachers and possibly first responders, and will be available to eligible tenants for a period not to exceed eighteen (18) months.
The RSD is an intermediate education unit administered by the Louisiana Department of Education ("DOE") subject to the approval of the Board of Elementary and Secondary Education ("BESE"). See La. R.S.17:1990 (A) and (B).[1] In 2005, the Legislature added R.S. 17:10.7
(First Extraordinary Session, 2005, Act 35, § 1), which provides for the transfer of local schools to the Recovery School District on a school-by-school basis. Pursuant to La. R.S. 17:10.5, 17:10.6 and17:10.7, over one hundred schools formerly operated by the OPSB were transferred to the RSD to be operated by the RSD in accordance with applicable law. Concerning the school buildings and facilities and other property under its control, La. R.S. 17:1990(B)(4) places the following rights and obligations on the RSD:
 (a) The school district shall have the right to use any school building and all facilities and property otherwise part of the school and recognized as part of the facilities or assets of the school prior to its placement in the school district and shall have access to such additional facilities as are typically available to the school, its students, and faculty and staff prior to its placement in the school district. Such use shall be unrestricted, except that the school district shall be responsible for and obligated to provide for routine maintenance and repair such that the facilities and property are maintained in as good an order as when the right of use was acquired by the district. [ . . . ]
 (b)(i) In the case of the transfer of schools pursuant to R.S. 17:10.7, the school district may, at the discretion of the administering agency and notwithstanding the provisions of Subparagraph (a) of this Paragraph, acquire with the transfer of the schools all the rights and responsibilities of ownership regarding all land, buildings, facilities, and other property that is part of the school being transferred, except that the school district may not transfer the ownership of the land or usable buildings constructed on the land to another saver returning the land and such buildings to the stewardship of the prior system. The district may lease land or property, dispose of property other than the land as is necessary to properly manage the operation of the schools, rebuild school buildings, or renovate school buildings.
[Emphasis added.]
Under La. R.S. 17:1990(B)(4)(b)(i), the RSD has the authority to lease land placed under its control pursuant to La. R.S. 17:10.7, insofar as such lease is necessary for the proper management of the operation of the schools, or for rebuilding or renovating the school buildings. While the housing of teachers may or may not ordinarily be deemed necessary for the proper management of the operation of schools, the difficulties in recruiting qualified teachers to teach in Orleans Parish after Katrina and the shortage of housing for those who are otherwise qualified and willing to teach in the parish must be taken into consideration. The RSD's success in recruiting sufficient number of teachers to meet the educational needs of the children attending the schools it operates and any projected increases in enrollment could very well depend on whether there is adequate housing for the teachers. Under these highly unusual circumstances, the lease of school sites for the purpose of installing housing units to house teachers may reasonably be interpreted as "necessary" for the proper management of the operation of schools. Thus, RSD's statutory authority to lease land or property as is necessary to properly manage the operation of schools would reasonably include the authority to lease the land for to FEMA for the purpose installing housing units to house teachers.[2]
As for the housing of first responders, the opinion request does not provide sufficient information as to the type of first responders proposed to be housed in these units or the reason for their presence at the schools such that a determination can be made that the first responders would be considered "necessary" for the proper management of the operation of the schools being operated and managed by the RSD.
This opinion is limited to the issues presented in your request and the specific facts of housing shortage and the difficulties in recruiting teachers in a post-Katrina New Orleans and should not be construed as endorsing a broad authority to lease school sites placed under the RSD's control. The validity of any future lease will depend on the facts surrounding the lease, such as the proposed use of the property, parties to the lease, the necessity of the lease for proper operation of the schools and the procedures followed by the RSD. Any such lease must conform to the provisions of La. R.S. 17:1990 and must be limited to the purposes recognized therein.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Sincerely,
 Charles C. Foti, Jr. Attorney General
 By:___________________________ Uma M. Subramanian Assistant Attorney General
 CCF, Jr.:UMS/lrs
[1] Also see Acts 2003, No. 1293, § 1, which amended Article VIII, § 3(A) the Louisiana Constitution to authorize BESE "to supervise, manage, and operate or provide for the supervision, management, and operation of a public elementary or secondary school which has been determined to be failing." The Legislature created the Recovery School District by Acts 2003, No. 9, § 1, R.S. 17:1990, which went into effect upon the effective date of the amendment to Article VIII, § 3(A) of the Louisiana Constitution. Thus, the Legislature appears to have created the RSD as a means of "provid[ing] for the supervision, management, and operation of a public elementary or secondary school which has been determined to be failing."
[2] Since FEMA is an agency of the United States, a lease to FEMA by the RSD is exempt from the public advertisement requirements of Title 41 of the Revised Statutes. See La. R.S. 41:1291.